Joseph F. Frank Informal Opinion Fire District Attorney No. 2005-20 Hicksville Fire District 5550 Merrick Road Massapequa, New York 11758
Dear Mr. Frank:
You have requested an opinion regarding the compatibility of the positions of assistant fire chief and firehouse maintainer. You have explained that the firehouse maintainer is employed by the fire district to perform janitorial and handyman work on the firehouse. You recognize that we have previously opined that a fire chief may not simultaneously serve in various positions of employment with the fire district, including house maintainer. See Op. Att'y Gen. (Inf.) No. 97-4 (fire chief and fire district house maintainer incompatible positions); Op. Att'y Gen. (Inf.) No. 83-35 (fire chief and fire district clerk of the works incompatible positions); see also Opns. St. Comptr. Nos. 64-124 (fire chief and dispatcher-houseman incompatible), 59-756 (assistant fire chief and relief houseman or dispatcher incompatible), and 57-653 (fire chief and cleaner of fire headquarters incompatible). Our conclusions have been based on the supervisory relationship between the fire chief and the employee. Id. Implicit in our conclusions has been the understanding that the employee is an "employee of the fire department" subject to the chief's supervision by virtue of Town Law § 176-a(1). You have noted, however, that the statute regarding the fire chief's responsibilities refers only to the "officers and employees of the fire department," Town Law § 176 — a(1), while elsewhere in Article 11, the statutes refer to "fire district fire departments." You have suggested that the different phrases have different meanings, and that the firehouse maintainer, while an employee of the fire district, is not also an employee of the fire department, and thus is not supervised by the fire chief. As explained below, we conclude that the firehouse maintainer is an employee of the fire department, and thus we continue to be of the opinion that the positions of fire chief and firehouse maintainer are incompatible. Because, as you recognize, the assistant fire chief performs the duties and exercises the powers of the fire chief in the fire chief's absence, see Town Law § 176-a(1), our conclusion regarding the incompatibility of these positions applies to an assistant fire chief as well.
I. Statutory Framework
Once established under a procedure outlined in Town Law Article 11 (see id. §§ 170, 171, 173), a fire district constitutes an independent political subdivision with the authority to raise money by the levying of taxes. Id. §§ 174(7), 181. The fire district is governed by a board of fire commissioners who are elected by the eligible voters within the fire district. Id. §§ 175, 176. The powers of the board of fire commissioners include appointing a fire chief and assistant fire chiefs nominated by the members of the fire district's fire department, id. § 176(11-a), and employing such persons as are necessary to effectuate the objects and purposes of the fire district, id. § 176(18-a). The board of fire commissioners is also authorized to adopt rules and regulations governing all fire companies and fire departments within the fire district. Id.
§ 176(11).
The fire chief, subject to the direction of the board of fire commissioners, is in charge of the fire department. He or she has exclusive control of the members of the fire department of the fire district at all fires, inspections, reviews and other occasions when the fire department is on duty or parade. Town Law § 176-a(1). He or she also is charged with the supervision of the engines, fire trucks, pumpers, hose wagons and other apparatus and of the equipment and other property used for the prevention or extinguishment of fire. Id. He or she is responsible for supervising all officers and employees of the fire department, and must see that the rules and regulations of the board of fire commissioners are observed and that the orders of the board of fire commissioners are duly executed. Id. He or she must, whenever required by the board of fire commissioners, report to the board the condition of the property of the fire district. Id. He or she is to hold the members, officers, and employees of the fire department strictly to account for neglect of duty and may suspend them for improper conduct, subject to the action of the board of fire commissioners at its next meeting.Id.
II. Analysis
As explained below, we believe that an individual employed by the fire district who is assigned duties relating to the support of fire protection services is an "employee of the fire department" within the meaning of Town Law § 176-a(1). See Op. St. Comptr. 63-679 (fire district employees who maintain fire district firehouses, answer emergency alarms, clean fire apparatus, and perform general custodial duties are "employees of the fire department" as used in Town Law § 176-a).[1]
The board of fire commissioners is authorized to "organize, operate, maintain and equip fire companies" to provide fire protection service within the fire district. Town Law § 176(10). "Fire department" is the statutory term used to describe all of the fire companies operating within the fire district. See
Village Law § 10-1008 ("fire department" refers to the members of all of the fire, hose, protective, and hook and ladder companies of a village); Act of March 9, 1931, ch. 57, § 1, 1931 N.Y. Laws 373, 374 (same for fire districts) (repealed by Act of April 8, 1932, ch. 634, § 340, 1932 N.Y. Laws 1355, 1474). The fire department thus is the mechanism by which a fire district provides fire protection service, cf. Op. Att'y Gen. (Inf.) No. 97-49 (firefighting operations are fire district activities), and the use of the phrase "fire department" in Article 11 denotes the firefighting capacity of the fire district. See, e.g., Town Law § 176-a(1) (the fire chief has, under the direction of the board of fire commissioners, "exclusive control of the members of the fire department of the fire district at all fires, inspections, reviews and other occasions when the fire department is on duty or parade"); id. § 176(16) (the board of fire commissioners may contract to have the fire department or fire company of the fire district provide fire service to territory outside the fire district); id. § 176(11-a) (the members of the fire department of the fire district meet at a time and place designated by the
We conclude that an employee of the fire district whose duties include maintenance of the firehouse is an employee of the fire department subject to the supervision of the fire chief.[2]
We reach this result in view of the statutory responsibilities of the fire chief. The fire chief is responsible for supervising the property used for the prevention or extinguishment of fire and must report to the board of fire commissioners on the condition of the property of the fire district. The ability of the fire chief to perform his or her statutory duties would be undermined if the supervision of an individual hired to maintain the firehouse, the base of operation for the provision of fire protection service, did not reside in the fire chief (subject to the direction of the board of fire commissioners). We thus continue to be of the opinion that a fire chief, or assistant fire chief, may not simultaneously be employed as firehouse maintainer.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD, Assistant Solicitor General
In Charge of Opinions
[1] You expressed the view that the phrase "fire department," as used regarding the fire chief's supervision of officers and employees, is distinguishable from the phrase "fire district fire department," used elsewhere in Article 11. We note, however, that Town Law § 176-a(1), outlining the responsibilities of the fire chief, gives him or her "exclusive control of the members of the fire department of the firedistrict" when on duty as well as "supervision of . . . . all officers and employees" of the same "fire department." Town Law § 176-a(1) (emphasis added). We therefore believe that the phrase "fire department," as used in section 176-a(1), is synonymous with the phrase "fire district fire department."
[2] We note that under Town Law Article 11 the fire department is unable to hire employees. Only the board of fire commissioners is granted the power to hire. See Town Law §176(18-a). Indeed, even the appointment of members of the fire department, who are clearly under the supervision of the fire chief, id. § 176-a(1), requires approval by the board of fire commissioners. Id. § 176-b(2); cf. id. § 174(7) (paid and volunteer members of a fire district fire department are employees of the fire district). Therefore, the phrase "employees of the fire department" in section 176-a(1) necessarily implies employment by the board of fire commissioners, the governing body of the fire district. board of fire commissioners to nominate persons for the offices of chief and assistant chiefs, those individuals in command at the scene of a fire).